UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAKOCYTOMATION CALIFORNIA INC., <br><br> Defendant. | Civil Action No. 04-1522 (GMS) |

## JOINT STATUS REPORT

Plaintiff Ventana Medical Systems, Inc. ("Ventana") and defendant DakoCytomation California Inc. ("DakoCytomation") hereby submit the following joint status report.

1. **Jurisdiction and Service.** The parties agree that the Court has subject matter jurisdiction, and that both parties are subject to the Court's jurisdiction. No parties remain to be served.

2. **Substance of the Action.** Ventana contends that DakoCytomation infringes U.S. Patent No. 6,827,901 B2 ("the '901 patent") and that such infringement is willful. DakoCytomation denies that it infringes the '901 patent and contends that the patent is invalid.

3. **Identification of Issues.** The principal factual and legal issues in dispute are:

    a. Whether DakoCytomation directly infringes, contributes to infringement of, or induces infringement of the '901 patent.

      b.      The proper construction of claims in the '901 patent.

      c.      Whether the '901 patent is invalid.

      d.      Whether Ventana is entitled to damages as a result of DakoCytomation's alleged infringement, and if so, the amount of such damages and whether they should be enhanced for alleged willful infringement.

      e.      Whether Ventana is entitled to an injunction.

4.    **Narrowing of Issues.** The parties believe that the issues in the litigation may be able to be narrowed after the parties have conducted necessary factual discovery. While dispositive or partially dispositive issues may arise which may be appropriate for decision on motion, the parties have not yet formulated any such motions at this juncture in the litigation.

5.    **Relief.** Ventana seeks injunctive relief and damages adequate to compensate for DakoCytomation's alleged infringement, together with interest and costs. Ventana believes that damages will be computed based on lost profits, a reasonable royalty, or some combination thereof.

6.    **Amendment of Pleadings.** The parties do not presently intend to amend their pleadings.

7.    **Joinder of Parties.** The parties do not presently intend to join any additional parties.

8.    **Discovery.** The parties contemplate serving document requests, interrogatories, requests for admission, and deposition notices. The parties believe that the default limits imposed by the Federal Rules of Civil Procedure and Local Rules are

appropriate. The parties will explore the possibility of less costly and time-consuming methods to obtain necessary information, but none have been identified at this time.

9. **Estimated Trial Length.** The parties anticipate that the length of trial will be approximately one week. Ventana does not believe there is any need to bifurcate any issues for trial. DakoCytomation believes it may be more fair and efficient to bifurcate the liability and damages phases of this action. It may be possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence, but the parties believe that such alternatives can best be identified and explored after the parties have had an opportunity to take discovery.

10. **Jury Trial.** Both parties request a trial by jury.

11. **Settlement.** There have not been any settlement discussions. The parties believe that meaningful settlement discussions can take place after the parties have had an opportunity to take discovery and assess the relative strengths and weaknesses of their respective positions.

12. **Other Matters.** The parties expect to stipulate to a protective order governing the confidential treatment of documents, testimony, and other information disclosed in this case.

13. **Meet and Confer.** Counsel for the parties have conferred about each of the above matters.

-4-

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR | FISH & RICHARDSON P.C. |
| */s/ Richard H. Morse* | */s/ Timothy Devlin* |
| Richard H. Morse (No. 531)<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, Delaware 19899<br>(302) 571-6600<br>rmorse@ycst.com | Timothy Devlin (No. 4241)<br>919 North Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, Delaware 19899<br>(302) 652-5070<br>tdevlin@fr.com |
| Attorneys for Plaintiff<br>Ventana Medical Systems, Inc. | Attorneys for Defendant<br>DakoCytomation California Inc. |
| Of Counsel: | Of Counsel: |
| Ron E. Shulman (*pro hac vice*)<br>Roger J. Chin (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304<br>(650) 493-9300 | Michael E. Zeliger (*pro hac vice*)<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, Massachusetts 02110<br>(617) 542-5070 |

DATED: March 11, 2005