UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>DAKOCYTOMATION CALIFORNIA INC., <br><br>　　　　Defendant. | Civil Action No. 04-1522 (GMS) |

### [PROPOSED] SCHEDULING ORDER

This _____ day of _____ 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on March 18, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before April 15, 2005.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before September 23, 2005.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than October 7, 2005. If defendant elects to rely on advice of counsel as a defense

to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than October 21, 2005.

    4.    **_Markman_ Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on March 31, 2006. The *Markman* hearing is scheduled for a total of ___ hours with each side having ___ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before February 10, 2006, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on February 24, 2006, and the answering claim construction briefs on March 17, 2006.

    5.    **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before November 18, 2005. Expert Discovery in this case shall be initiated so that it will be completed on or before February 10, 2006, with opening expert reports (on issues for which a party bears the burden of proof) served on or before December 16, 2004, and rebuttal expert reports served on or before January 13, 2006.

    a.    **Discovery Matters**. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The

responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      6.    <u>**Confidential Information and Papers filed under Seal**</u>. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

      7.    <u>**Settlement Conference**</u>. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

      8.    <u>**Summary Judgment Motions**</u>. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than January 20, 2006. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than January 27, 2006. Reply letter briefs shall be

no longer than three (3) pages and filed with the Court on or before February 3, 2006. The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on February 10, 2006 at _____. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**. Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before February 24, 2006. Parties must submit an original and two (2) copies. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

10. **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Status/Daubert Conference**. On or before February 24, 2006, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on March 3, 2006 to discuss Daubert issues identified in the joint agenda.

13.     **Pretrial Conference**.  On May 5, 2006, the Court will hold a Pretrial Conference in Chambers with counsel beginning at _____ a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.  Motions *in limine*:  No party shall file more than ten (10) motions in limine.  Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by April 7, 2006 (opening), April 21, 2006 (answering), and April 28, 2004 (reply).  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.  The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before April 28, 2006.

14.     **Trial**.  This matter is scheduled for a ___ day jury trial beginning at _____ a.m. on May 29, 2006.

15.     **Scheduling**.  The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

-6-

PRESENTED BY:

| YOUNG CONAWAY STARGATT & TAYLOR | FISH & RICHARDSON P.C. |
|---|---|
| */s/ Richard H. Morse* | */s/ Timothy Devlin* |
| Richard H. Morse (No. 531) | Timothy Devlin (No. 4241) |
| The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, Delaware 19899<br>(302) 571-6600 | 919 North Market Street<br>Suite 1100<br>P.O. Box 1114<br>Wilmington, Delaware 19899<br>(302) 652-5070 |
| Attorneys for Plaintiff<br>Ventana Medical Systems, Inc. | Attorneys for Defendant<br>DakoCytomation California Inc. |
| Of Counsel: | Of Counsel: |
| Ron E. Shulman (*pro hac vice*)<br>Roger J. Chin (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304<br>(650) 493-9300 | Michael E. Zeliger (*pro hac vice*)<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, Massachusetts 02110<br>(617) 542-5070 |

DATED: March 15, 2005