IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAKOCYTOMATION CALIFORNIA INC.,<br><br>　　　　Defendant. | C.A. No. 04-1522-GMS |

**DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF VENTANA'S ANSWERING CLAIM CONSTRUCTION BRIEF**

　　　　The defendant, DakoCytomation California Inc. ("DakoCytomation"), hereby moves the Court to strike portions of the plaintiff's, Ventana Medical Systems, Inc. ("Ventana"), Answering Claim Construction Brief dated November 7, 2005. (D.I. 49) Specifically, DakoCytomation moves the Court to strike:

- The entire page 7 of Ventana's brief or, in the alternative,
- Text beginning from "A brief review of defendant's accused apparatus …" in the first paragraph, and ending with "… an area on its top surface where reagents are added and mixed" in the third paragraph on page 7 of Ventana's brief.

**ARGUMENT**

　　　　On page 7 of Ventana's brief, Ventana explains the workings of the accused infringing device, DakoCytomation's ARTISAN® instrument, to support its claim construction argument. This portion of Ventana's brief should be stricken since claim construction should be conducted without regard to the accused device. *NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed.Cir. 2002) ("It is well settled that claims may not be construed by reference to the accused device"); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed.Cir.

1985) (*en banc*) ("A claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not* in light of the accused device. … claims are not construed 'to cover' or 'not to cover' the accused device. That procedure would make infringement a matter of judicial whim. It is only after the claims have been construed *without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement.") (emphasis original)

As well as impermissible, Ventana's description of the ARTISAN is inaccurate. Ventana states that "a user of the Artisan slides can install plastic clips …" (D.I. 49, at 7) This suggests that a user of the ARTISAN has some choice as to whether to install the plastic clip onto the slide when operating the machine. In reality, the plastic clip which forms the "vertical border around the periphery of the slide" is an **integral part** of the functioning of the machine, and the ARTISAN simply cannot stain tissue without it. The clip functions like the walls in prior art cuvettes to hold liquids during processing. In the absence of the clip, these liquids would simply spill all over the instrument.

For the foregoing reasons, DakoCytomation respectfully requests the Court to strike the offending section of Ventana's answering claim construction brief.

Dated: November 17, 2005  FISH & RICHARDSON P.C.


By: /s/ Timothy Devlin
Timothy Devlin (No. 4241)
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, Delaware 19899
(302) 652-5070

Michael E. Zeliger (*pro hac vice*)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110
(617) 542-5070

Attorneys for Defendant,
DakoCytomation California, Inc.

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that I have made a reasonable effort to reach an agreement with opposing attorneys on the matters set forth in the above motion. We contacted opposing attorneys for Ventana concerning this matter, explained the substance of the motion, and gave opposing attorneys time to voluntarily amend their answering claim construction brief. Opposing attorneys refused to voluntarily amend their answering claim construction brief. We believe that the motion will be opposed.

Dated: November 17, 2005                                         */s/ Timothy Devlin*
                                                                                         Timothy Devlin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DAKOCYTOMATION CALIFORNIA INC.,<br><br>Defendant. | C.A. No. 04-1522-GMS |

## [PROPOSED] ORDER

The Court having considered Defendant's Motion To Strike Portions Of Plaintiff Ventana's Answering Claim Construction Brief and its supporting papers, the parties having submitted their positions with regard to that motion, and the Court having duly considered the parties' positions:

IT IS HEREBY ORDERED that Defendant's Motion To Strike the entire page 7 of Plaintiff Ventana's Answering Claim Construction Brief is GRANTED.

**SO ORDERED** this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAKOCYTOMATION CALIFORNIA INC.,<br><br>　　　　Defendant. | C.A. No. 04-1522-GMS |

### [ALTERNATE PROPOSED] ORDER

The Court having considered Defendant's Motion To Strike Portions Of Plaintiff Ventana's Answering Claim Construction Brief and its supporting papers, the parties having submitted their positions with regard to that motion, and the Court having duly considered the parties' positions:

IT IS HEREBY ORDERED that Defendant's Motion To Strike the portion from "A brief review of defendant's accused apparatus …" in the first paragraph to " … an area on its top surface where reagents are added and mixed" in the third paragraph on page 7 of Plaintiff Ventana's Answering Claim Construction Brief is GRANTED.

　　　　**SO ORDERED** this _____ day of _____, 2005.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2005, I electronically filed **Defendant's Motion To Strike Portions Of Plaintiff Ventana's Answering Claim Construction Brief** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard H. Morse<br>YOUNG, CONAWAY, STARGATT & TAYLOR<br>The Brandywine Bldg., 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899 | Attorneys for Plaintiff<br>Ventana Medical Systems, Inc. |

I hereby certify that on November 17, 2005, I have mailed by Federal Express Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Ron E. Shulman<br>Roger J. Chin<br>WILSON  SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA  94304<br>(650) 493-9300 | Attorneys for Plaintiff<br>Ventana Medical Systems, Inc |

                                              /s/ Timothy Devlin
                                              Timothy Devlin