UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DAKOCYTOMATION CALIFORNIA INC.,<br><br>Defendant. | Civil Action No. 04-1522-GMS |

### PLAINTIFF VENTANA MEDICAL SYSTEMS, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

YOUNG CONAWAY STARGATT & TAYLOR

Richard H. Morse (No. 531)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6651
rmorse@ycst.com

Attorneys for Plaintiff
Ventana Medical Systems, Inc.

Of Counsel:

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
Matthew R. Reed (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

December 5, 2005

Plaintiff Ventana Medical Systems, Inc. ("Ventana") respectfully submits this opposition to Defendant's Motion to Strike Portions of Plaintiff Ventana's Answering Claim Construction Brief.

## I. SUMMARY OF ARGUMENT

In its Answering Claim Construction Brief ("Answering Brief") (D.I. 49), Ventana made the point that it would be improper to construe the disputed claim terms in light of the accused device. *See* Answering Br. at 7. Ventana even cited Federal Circuit precedent in support of this point. *See id.* (citing *Young Dental Mfg. Co. v. Q3 Special Prods., Inc.*, 112 F.3d 1137, 1141 (Fed. Cir. 1997) ("the claim scope is determined without regard for the accused device")). The reason Ventana made this point was to put defendant's proposed claim construction in context and assist the court in avoiding the improper interpretation that defendant carefully crafted so as to exclude defendant's accused device, the Artisan Staining System ("Artisan").

Now, in an ironic twist, defendant claims that page 7 of Ventana's Answering Brief should be stricken because it references the Artisan. Defendant's motion should be denied for the simple reason that Ventana referred to the Artisan only to highlight the calculated nature of *defendant's* proposed claim construction. As stated in Ventana's Answering Brief, defendant's desire to create a noninfringement argument where none exists is not a proper basis on which to construe the disputed claim terms.

## II. ARGUMENT

The parties are in apparent agreement that a court may not construe a claim in light of the accused device. Any construction aimed at including or excluding the accused device is improper. *See SRI Int'l v. Matsushita Electric Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) ("claims are not construed 'to cover' or 'not to cover' the accused device"). Nevertheless, in its claim construction brief, defendant improperly sought, *sub silentio*, to have the court construe "reagent

agitation zone" so as to exclude the Artisan product.[1] Ventana's Answering Brief pointed out this fact to the Court. Thus, Ventana's reference to the Artisan for this limited purpose was not in any way improper.

Indeed, while a court is to construe patent claims based on the intrinsic evidence, federal precedent does not preclude a court from knowing about or understanding the structure of the accused device. Rather, Federal Circuit cases suggest that a court should keep the accused device in mind during claim construction to efficiently focus on the disputed elements or limitations:

> In "claim construction" the words of the claims are construed independent of the accused product, in light of the specification, the prosecution history, and the prior art. **Of course, the particular product (or process) is kept in mind,** for it is efficient to focus on the construction of only the disputed elements or limitations of the claims.

*Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991) (emphasis added). In addition, a court may properly review the accused device to provide context or background to the claim construction analysis. *See Dade Behring Marburg GmbH v. Biosite Diagnostics, Inc.*, 1998 WL 552962, *1 n.5 (D. Del. July 24, 1998) (providing a brief review of the accused device so that "the claim construction analysis is given context"). Ventana's reference to the Artisan provided precisely the kind of context and background necessary for this Court to understand the motivation behind defendant's flawed claim construction analysis.

Finally, the Answering Brief plainly reveals that Ventana did not in any way rely upon the description of the Artisan instrument to support its **construction** of the claim term "reagent agitation zone." Instead, as is mandated by the relevant authority, Ventana's proposed construction was

---

[1] Defendant's motion to strike likewise appears designed to improperly support its erroneous claim construction. Defendant argues, for instance, that its slide clip "functions like the walls in prior art cuvettes to hold liquids during processing" and states that "[i]n the absence of the clip, these liquids would simply spill all over the instrument." Def.'s Mot. to Strike at 2 (D.I. 51). Whatever relevance these arguments may one day have to the issue of infringement, they are completely irrelevant to claim construction and should be disregarded by the Court.

properly based solely on the plain meaning of the claim language and an analysis of the intrinsic evidence.

### III. CONCLUSION

For the reasons set forth above, Ventana respectfully requests that the Court deny defendant's motion to strike.

YOUNG CONAWAY STARGATT & TAYLOR

*/s/ Richard H. Morse*
Richard H. Morse (No. 531)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6651
rmorse@ycst.com

Attorneys for Plaintiff
Ventana Medical Systems, Inc.

Of Counsel:

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
Matthew R. Reed (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

December 5, 2005

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on December 5, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Timothy Devlin, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19899-1114

I further certify that on December 5, 2005, I caused copies of the foregoing document to be served by hand on the above-listed counsel and on the following non-registered participant:

> Michael E. Zeliger, Esquire
> Fish & Richardson, P.C.
> 225 Franklin Street
> Boston, MA 02110

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Richard H. Morse*
Richard H. Morse (I.D. No. 531)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
rmorse@ycst.com

Attorneys for Plaintiff