UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DAKOCYTOMATION CALIFORNIA INC.,<br><br>Defendant. | Civil Action No. 04-1522-GMS |

### JOINT MOTION TO BIFURCATE

Plaintiff Ventana Medical Systems, Inc. ("Ventana") and defendant DakoCytomation California Inc. ("Dako") respectfully submit this Joint Motion to Bifurcate.

## I.     INTRODUCTION

The parties jointly request that the Court bifurcate this action into two phases: (i) liability (including validity and infringement of the '901 patent); and (ii) damages (including willfulness). Separating these issues for all purposes up to and including trial promotes the interests of judicial economy. In patent infringement lawsuits, unique considerations suggest that efficient judicial administration would be served by bifurcation of the issues of liability and damages. *Swofford v. B&W, Inc.*, 34 F.R.D 15, 20 (S.D. Tex. 1963), *aff'd,* 336 F.2d 406 (5th Cir. 1964).

First, bifurcation promotes judicial economy by postponing issues that may not be reached in the event the defendant prevails in the first phase. Dividing the trial in this fashion will significantly economize the use of resources of both the parties and the Court. Here, the issue of patent liability is discrete and may be dispositive. Thus, should

Dako prevail during the liability phase of trial, no discovery or trial need be conducted on the damages issue.

Second, bifurcation may lead to settlement before the case reaches the damages phase. Should Ventana prevail in establishing liability during the first phase, the parties will be in a much better position to negotiate a settlement.

Third, because liability and damages can present complicated issues, separating them will reduce jury confusion and enhance the jurors' comprehension of the issues. Finally, because both parties agree that bifurcation is appropriate here, there are no considerations of unfairness or prejudice that might otherwise mandate a single trial.

In light of the above, and as will be explained more fully below, the parties respectfully request that the Court grant this Joint Motion and order separate trials on the issues of liability and damages.

## II.   NATURE AND STAGE OF THE PROCEEDING

The Court has construed the disputed claims in this matter. The parties have attempted mediation before Judge Thynge without reaching a resolution. The parties continue to conduct fact discovery and are preparing to proceed with expert discovery. In early February, one or both of the parties will seek permission to file a motion for summary judgment. Trial is currently scheduled to begin on July 10, 2006.

## III.  ARGUMENT

Federal Rule 42(b) authorizes this Court to conduct separate trials for the purpose of convenience, expedition and economy. *See* FED. R. CIV. P. 42(b). "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). In addition, this Court "has broad discretion [to bifurcate trials] as part of its wide discretion in trial management," particularly when trying one issue could dispose of the others. *Gardco Mfg. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). "Courts, when exercising their broad discretion to bifurcate issues for trial, should

consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) (citation omitted).

### A. Bifurcation Would Promote Efficiency and Economy.

Separate jury trials are appropriate when the issues to be tried are "distinct and separable." *In re Innotron Diagnostics*, 800 F.2d 1077, 1086 (Fed. Cir. 1986). Patent cases uniquely favor bifurcation of liability and damages because these issues are so discrete. *See Swofford*, 34 F.R.D. at 19-20, *cited in Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 982 (D. Del. 1982) (describing *Swofford* as the leading patent case in which Rule 42(b) was applied). The question of patent damages is often difficult and expensive but can be easily severed from the trial of patent liability. *Swofford*, 34 F.R.D. at 19-20. A preliminary finding of liability may eliminate the damages question, and "thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties." *Id.* Indeed, for this reason, this Court has often bifurcated patent cases into liability and damages phases. *See, e.g., Ciena Corp.*, 210 F.R.D. at 521; *Paine Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112 (D. Del. 1984); *Enzo Life Scis., Inc. v. Digene Corp.*, No. Civ. A. 02-212-JJF, 2003 WL 21402512 (D. Del. June 10, 2003).

Here, liability can be tried relatively quickly and may obviate (or dramatically reduce) the need for voluminous additional discovery relating to damages, as well as numerous pre-trial motions. For instance, discovery of the parties' experts is to begin shortly. Expert discovery on damages is particularly expensive and time consuming and represents an expenditure of resources that the parties wish to avoid until liability has been established.

### B. Bifurcation May Create Additional Settlement Opportunities.

Bifurcation of this case may increase the possibility of settlement, which may further enhance the economy and efficiency of this case. Separate trials may present

counsel with the opportunity to negotiate a settlement without reaching the often time-consuming and difficult damages question. *See Swofford,* 34 F.R.D. at 19-20. In this case, trying the issue of patent liability first would remove uncertainty regarding the principal issue of whether Dako is liable for patent infringement. Establishment of liability would encourage the parties to carefully evaluate the benefits of continuing the litigation.

**C.    Bifurcation Is Likely to Reduce Juror Confusion.**

Patent cases present complex factual issues for a jury to consider, particularly when it comes to liability and damages. *See Swofford,* 34 F.R.D. at 19-20. Courts have long recognized that bifurcating trials on the issues of liability and damages is an effective method of simplifying factual presentation. *See, e.g., Ciena Corp.,* 210 F.R.D. at 521 (Bifurcation may "enhance jury decision making in two ways: (1) by presenting the evidence in a manner that is easier for the jurors to understand, and (2) by limiting the number of legal issues the jury must address at any particular time.") (citation omitted).

In this case, separate trials on the issues of liability and damages will allow the parties to simplify their factual presentation and minimize the risk of jury confusion. As noted above, this Court has recognized the benefit to a jury's comprehension of the issues afforded by bifurcation of a patent case. *See id.* (noting that the "use of alternative trial procedures could assist juries in obtaining a better understanding of the legal issues they are called upon to decide").

**D.    Neither Side Will Be Prejudiced By Bifurcation.**

Bifurcation is appropriate when "separate trials would not constitute a clear and indisputable infringement of the constitutional right to a fair trial." *Innotron,* 800 F.2d at 1086 (internal quotations omitted). In this case, neither party will be prejudiced by dividing this litigation into two parts. Both parties agree, by bringing this Joint Motion, that bifurcation is the "choice most likely to result in a just final disposition of the

litigation." *Innotron*, 800 F.2d at 1084 (citing 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2388 (1971)).

## IV. CONCLUSION

For the foregoing reasons, Ventana and Dako respectfully request that this Court bifurcate the case into liability and damages phases.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Richard H. Morse*
Richard H. Morse (No. 531)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6651
rmorse@ycst.com

Attorneys for Plaintiff
Ventana Medical Systems, Inc.

Of Counsel:

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
Matthew R. Reed (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

FISH & RICHARDSON P.C.

/s/ *Timothy Devlin*
Timothy Devlin (No. 4241)
919 North Market Street, Suite 1 100
P.O. Box 11 14
Wilmington, Delaware 19899
(302) 652-5070
Michael E. Zeliger *(pro hac vice)*
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 021 10
(617) 542-5070

Attorneys for Defendant,
DakoCytomation California, Inc.

DATED: January 23, 2006