REDACTED

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6651
DIRECT FAX: 302-576-3319
rmorse@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

**FILED UNDER SEAL**

February 9, 2006

**BY HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    Ventana Medical Systems, Inc. v. DakoCytomation Corp.
            C. A.. No. 04-1522-GMS

Dear Judge Sleet:

      Pursuant to the Court's scheduling order of March 31, 2005, I write to request permission for plaintiff Ventana Medical Systems, Inc. to file a motion for partial summary judgment regarding the issue of infringement. As explained below, Ventana believes that this motion will substantially streamline the issues to be presented at trial in this case.

      Ventana asserts infringement of claims 1, 2, 3 and 45 of the '901 patent. Claims 1 and 45 are independent claims that each have five elements. For purposes of infringement, the elements of claims 1 and 45 are substantially the same. They are: (a) a reagent carousel having a plurality of reagent container supports; (b) a homing and indexing device, (c) a motor engaging the reagent carousel, (d) a sample carousel, and (e) an air mixer.

      The parties have completed fact discovery relating to liability issues. Disputed language in the claims has been construed. Both parties have set forth their respective positions on infringement. Ventana's interrogatory responses were accompanied by a 12-page claim chart

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
February 9, 2006
Page 2

that detailed the evidence of infringement and specified where each element of claims 1, 2, 3 and 45 is found in the accused Artisan device. Two and a half weeks after service of those responses, DakoCytomation supplemented its interrogatory responses and identified only elements (a) and (e) from claims 1 and 45 as allegedly missing from the Artisan device.

The parties' contention interrogatory responses confirm that there is no dispute that the Artisan device meets the preamble and elements (b), (c) and (d) of claims 1 and 45, as well as the additional elements of dependent claims 2 and 3. Partial summary judgment on these undisputed issues would significantly streamline the infringement issues to be presented at trial.

With respect to the remaining elements (a) and (e) of claims 1 and 45, DakoCytomation sets forth only three noninfringement arguments. Two are amenable to summary judgment. DakoCytomation asserts that element (a) is not met because its reagent carousel does not have a "plurality" of reagent container supports. This issue can be resolved on summary judgment because the structure of the Artisan device is not disputed. According to DakoCytomation's own technical documentation, each Artisan device has a reagent carousel that can hold up to 50 reagent containers. The documentation refers to these containers as "reagent packs." The reagent containers on the reagent carousel are shown below:



**Reagent container**          **Reagent containers on reagent carousel**

Each reagent container can be inserted into one of the corresponding reagent container slots located on the reagent carousel, and therefore, each has its own reagent container support. This Court can decide on summary judgment whether 50 separate slots for 50 separate reagent containers constitute a "plurality" of reagent container supports.[1]

---

[1] DakoCytomation does not dispute that its reagent carousel has 50 slots, each of which can support a corresponding reagent container. Instead, it contends that it only has a single reagent container support because the "Artisan has one contiguous ring that supports all the reagent

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
February 9, 2006
Page 3

DakoCytomation also asserts that element (e) is not met because the Artisan does not have a nozzle. (The "air supply means" of element (e) includes a "nozzle." *See* D.I. 56 ¶ 4.) This, too, can be resolved on summary judgment, because DakoCytomation's own technical documentation confirms that the Artisan device uses a nozzle to supply air:

Should the foregoing infringement related disputes be resolved on summary judgment, any remaining issue of infringement can be presented at trial with greater efficiency and less confusion to the jury.

Respectfully yours,

*Richard H. Morse*

Richard H. Morse (I.D. No. 531)

RHM:mmeeh

cc:    Clerk of the Court (By E-filing and Hand Delivery)
       Timothy Devlin, Esquire, Esquire (By E-filing and Hand Delivery)
       Michael E. Zeliger, Esquire (By E-mail and Federal Express)

---

containers." This argument – that there cannot be a "plurality" of supports if they are "contiguous" – is at odds with the specification of the '901 patent, which shows 25 contiguous reagent container supports within one reagent carousel. DakoCytomation's attempt to apply this strained claim construction can be resolved as a matter of law.