# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6651
DIRECT FAX: 302-576-3319
rmorse@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

**FILED UNDER SEAL**

February 16, 2006

**BY HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    Ventana Medical Systems, Inc. v. DakoCytomation Corp.
             C. A.. No. 04-1522-GMS

Dear Judge Sleet:

      Pursuant to the Court's scheduling order of March 31, 2005, I write on behalf of plaintiff Ventana Medical Systems, Inc. to respond to defendant DakoCytomation California, Inc.'s February 9, 2006 letter requesting permission to file a motion for summary judgment of noninfringement of the '901 patent. Ventana opposes this request because as explained below, the proposed motion will raise genuine issues of material fact that preclude summary adjudication.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
February 16, 2006
Page 2

### Disputed Material Facts Preclude Summary Determination Of Whether The Artisan Literally Infringes the '901 Patent.

Dako first asserts that there can be no literal infringement because supposedly, the claimed air mixer is above the reagent agitation zone "at all times." Dako Ltr. at 1. This assertion plainly raises a genuine issue of fact as evidenced by the first two figures Dako included in its letter. Those figures, reproduced below, clearly show that

Dako's Rule 30(b)(6) witness, Scott Leon, confirmed this fact, which is dispositive of Dako's assertion. With respect to the yellow "plenum" structure highlighted above, Mr. Leon testified

In a related vein, Dako next asserts that there can be no literal infringement because when the yellow "plenum" moves back and forth across the slide, a part of the "plenum" "remains above the reagent agitation zone." Dako Ltr. at 3. This assertion is based on Dako's assumption that in fact, the entirety of the "plenum" is part of the claimed air mixer. However, that assumed fact is genuinely disputed. According to the Court's construction of the claim language, the air mixer comprises two elements: an air jet and a nozzle (*i.e.*, the "air supply means"). Thus, to prevail on its motion for noninfringement, Dako must establish the absence of any genuine dispute that these two elements in the Artisan, not the "plenum," "remain[] above the reagent agitation zone." Dako has not done so because it cannot.

More specifically, as explained in the infringement report of Ventana's expert, Dr. Sharon, the facts are that in the Artisan, (1) the first required element of the air mixer, namely the nozzle, only consists of                    and (2) the second required element of the air mixer, namely the air jet, consists of                              *See* Sharon Rpt. at 9. To support its position on summary judgment, Dako disputes these facts by arguing that the air mixer includes the entire "plenum." However, that very dispute dooms Dako's motion. Moreover, Dr. Sharon explains

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
February 16, 2006
Page 3

that under Ventana's view of the disputed facts, there is infringement because



   Next, Dako retreats from its "at all times" position and argues, instead, that the Artisan does not literally infringe because the "plenum" is
                                             Dako Ltr. at 3. This position appears to be based on Dako's attempt to reinterpret the Court's claim construction to mean that the air mixer can *never* be located                                This reinterpretation is both improper and is squarely contradicted by Dako's own expert, Dr. Manion. More specifically, in analyzing the Gibbs reference for purposes of attacking the validity of the '901 patent, Dr. Manion stated that Gibbs discloses the claimed air mixer, even though as shown in Figure 4 of Gibbs (reproduced below), the air mixer 22 is, at times, positioned above the reagent agitation zone 17 as the sample specimen travels in the direction of the red arrow along tape carrier 2. *See* Manion Rpt. at 15.



FIG. 4

   Dako also argues that even when the "plenum" is next to, but not above, the reagent agitation zone, there can be no infringement because at that "adjacent" location, no mixing is occurring. Dako Ltr. at 3-4. This argument is unsound for at least two reasons.

   First, the act of mixing is not a requirement of the claim. This is so because the claim is an apparatus claim, not a method claim. There are no method steps at all, much less one that calls for mixing to occur. As the Federal Circuit held in *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, "apparatus claims cover what a device *is*, not what a device *does*." 909 F.2d 1464, 1468 (Fed. Cir. 1990). *See also In re Michlin*, 256 F.2d 317, 320 (Cust. & Pat. Appeals 1958) ("It is well settled that patentability of apparatus claims must depend upon structural limitations and not upon statements of function.").

Y%%OUNG %%C%%ONAWAY %%S%%TARGATT %% & %%T%%AYLOR%%, LLP

The Honorable Gregory M. Sleet
February 16, 2006
Page 4

     Second, even if the "method of operation" is somehow deemed relevant, Dako offers no evidence that the Artisan does not mix when ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Instead, Dako attempts to chide Ventana for having failed to adduce evidence that mixing does occur, before the January 13, 2006 close of fact discovery or with its February 1, 2006 opening expert report. Dako's attempt to turn the tables is meritless. By the close of fact discovery, Dako was required to supplement its responses to Ventana interrogatories which inquired about the bases for Dako's noninfringement positions. Dako eventually did so on January 30, 2006. However, in those supplemental responses (as in the original responses), Dako said nothing about its "method of operation" theory of noninfringement. *See* Def.'s First Supp. Resp. to Pl.'s First Set of Interrogs. at 5-7. Ventana learned of that theory when Dako advanced it, for the first time, in its February 9, 2006 letter to the Court. Accordingly, prior to February 9, Ventana had no need or reason to offer evidence about an issue that Dako had never raised. Indeed, under the circumstances, Dako should be barred from advancing its new theory at this late juncture. But if the new theory is permitted, then Ventana certainly has the right to, and will, respond with evidence of its own.

     For all of the foregoing reasons, Dako's request for permission to file a motion for summary judgment of no literal infringement should be denied.

**Disputed Material Facts Preclude Entry of Summary Judgment That The Artisan Does Not Infringe the '901 Patent Under the Doctrine of Equivalents.**

     Just as with literal infringement, disputed material facts preclude entry of summary judgment that the Artisan does not infringe the '901 patent under the doctrine of equivalents. As an initial matter, application of the doctrine of equivalents "requires an intensely factual inquiry" that is not amenable to summary adjudication. *Toro Co. v. White Consol. Industries, Inc.*, 266 F.3d 1367, 1369 (Fed. Cir. 2001) (citation omitted). Moreover, and contrary to Dako's assertion, the circumstances of this case do not implicate either the principle of "claim vitiation" or the doctrine of prosecution history estoppel.

     Claim vitiation does not apply because under Ventana's view of the material facts (which Dako disputes), the nozzle and the air jet that comprise the Artisan's air mixer are located ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Similarly, prosecution history estoppel does not apply because the alleged disclaimer of subject matter was made with respect to an entirely different claim element, namely the requirement that the "sample carousel [be] arranged beneath said reagent carousel." No disclaimer of any kind was made with respect to the element at issue here, namely that the "air mixer . . . [be] positioned adjacent to said reagent agitation zone."[1]

---

[1] Although Dako urged during claim construction that this Court should rule that prosecution history estoppel limits the meaning of the term "adjacent," the Court did not make such a ruling. Instead, the Court simply construed the literal meaning of "adjacent."

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
February 16, 2006
Page 5

      For these reasons, Dako should be denied permission to file a summary judgment motion for noninfringement under the doctrine of equivalents.

                                    Respectfully yours,

                                    Richard H. Morse (No. 531)

RHM:mmeeh

cc:    Clerk of the Court (By E-filing and Hand Delivery)
        Timothy Devlin, Esquire (By E-filing and Hand Delivery)
        Michael E. Zeliger, Esquire (By E-mail and Federal Express)