# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**VIA ELECTRONIC FILING**

February 23, 2006

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   Ventana Medical Systems, Inc. v. DakoCytomation California Inc.
      C.A. No. 04-1522-GMS

Dear Judge Sleet:

Defendant DakoCytomation California Inc. ("Dako") hereby submits its reply to Plaintiff Ventana Medical Systems, Inc.'s ("Ventana") February 16, 2006 answering letter brief opposing Dako's February 9, 2006 request for permission to file a motion for summary judgment of noninfringement. Ventana has failed to sufficiently oppose Dako's request and, therefore, the Court should grant Dako permission to file a motion for summary judgment of noninfringement, both literal and by equivalence.

**The Artisan® Does Not Literally Infringe the '901 Patent**

There are no genuinely disputed material facts as to whether the Artisan® literally infringes the '901 patent because: 1) in fact, the Artisan® air mixer is positioned above the reagent agitation zone[1]; 2) the Artisan® air mixer is "directing a jet of air at the reagent agitation zone" only when it is positioned above the reagent agitation zone; and 3) the Artisan® air mixer is "inducing mixing in the reagent agitation zone" only when it is positioned above the reagent agitation zone. If the Court agrees with any of these propositions, summary judgment of no literal infringement is appropriate.

With respect to the first issue, Dako believes that the Court's construction is quite clear. The air mixer of the accused device cannot be above the reagent agitation zone and satisfy the "adjacent" limitation. Unsatisfied with that construction, Ventana is attempting to broaden it by arguing that the disclaimer is limited solely to mixers that are *directly* above reagent agitation zones. There is no basis for broadening the claims in this manner.

With respect to the remaining issues, Ventana has a proof problem. It has simply failed to provide any evidence that the mixer "direct[s] a jet of air" at the reagent

---

[1] In arguing against this point, Ventana misinterprets Dako's opening letter brief as an attempt to reinterpret the Court's claim construction. (Ventana Ans. Ltr. at 3.) However, Dako's contemplated summary judgment motion is based on the Court's exact claim construction.

Fish & Richardson p.c.

The Honorable Gregory M. Sleet
February 23, 2006
Page 2

agitation zone and "thereby induc[es] mixing" when Ventana alleges the mixer is next to the reagent agitation zone.

Instead, Ventana tries to claim unfair surprise, tries to rewrite the claims and its own infringement allegations, and then tries to shift the burden of proof. Ventana first argues that "the act of mixing is not a requirement of the claim." (Ventana Ans. Ltr. at 3.)[2] This stands in stark contrast to its infringement contentions, which alleged "a gentle, reciprocating air stream mixes and evenly distributes the reagents over the surface of the slide," and its expert infringement report, which stated that the "air stream mixes and evenly distributes the reagents over the surface of the slide." More importantly, Ventana is wrong; the claims explicitly require that mixing occur in the reagent agitation zone. Lastly, this is purely a legal question that can and should be resolved on summary judgment.

Next Ventana also argues that "Dako offers no evidence that the Artisan does not mix when the 'plenum' is next to, but not above, the reagent agitation zone." (Ventana Ans. Ltr. at 4.) Dako has no such burden. Instead, Ventana bears the burden of proving infringement. *Bayer AG v. Elan Pharmaceutical Research Corp.*, 212 F.3d 1241, 1247 (Fed.Cir. 2000).

Lastly, Ventana argues that Dako should be barred from advancing a new noninfringement theory. However, Ventana neglects to mention that Ventana itself did not supplement its infringement contentions until January 13, 2006, the day fact discovery closed. In addition, Ventana's contentions did not address the Court's claim construction Order, and, in particular, did not address the fact that the Court had construed "adjacent" to mean "next to, but not above or beneath." Ventana first alleged that the air mixer was next to the reagent agitation zone when in its home position and at the beginning and end of its cycles in Dr. Sharon's expert report on February 1, 2006, after the close of fact discovery. Thus if there was any unfair surprise it was Ventana's failure to articulate its infringement theory until after the close of fact discovery. Regardless, this failure cannot stave off summary judgment.[3]

For the foregoing reasons, the Court should grant Dako permission to file a motion for summary judgment of no literal infringement.

---

[2] Note that Ventana completely bypasses the question of whether the claim requires the air mixer to "direct[] a jet of air" at the reagent agitation zone.

[3] Recognizing it has a problem, Ventana now seeks another shot at proving infringement. This would be fundamentally unfair to Dako, which has already gone through fact discovery once and should not be required to repeat that exercise. Ventana always bore the burden on proving infringement and it simply failed to do so.

FISH & RICHARDSON P.C.

The Honorable Gregory M. Sleet
February 23, 2006
Page 3

**<u>The Artisan® Does Not Infringe Under the Doctrine of Equivalents.</u>**

The principles of claim vitiation and prosecution history estoppel preclude Ventana from proving infringement under the doctrine of equivalents. In its answering letter brief, Ventana confuses its legal doctrines. Ventana argues that "claim vitiation does not apply because . . . the Artisan's air mixer [is] located next to, but not above, the reagent agitation zone." (Ventana Ans. Ltr. at 4.) If the air mixer is not above the reagent agitation zone, then the Artisan® satisfies the "adjacent" limitation literally and Ventana need not argue doctrine of equivalents. If the air mixer is above the reagent agitation zone, literal infringement cannot be shown and only then does Ventana need the aid of the doctrine of equivalents. But in that circumstance, the principle of claim vitiation applies to preclude Ventana from asserting the doctrine of equivalence and Ventana does not and cannot argue otherwise. In either case, whether the principle of claim vitiation should apply can and should be resolved on summary judgment. *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n. 8 (1997) ("[I]f prosecution history estoppel would apply or if a theory of equivalents would entirely vitiate a particular claim element, partial or complete [summary] judgment should be rendered by the court, as there would be no further *material* issue for the jury to resolve.") (emphasis original).

Likewise, Ventana argues that prosecution history estoppel does not apply because the Court did not make a ruling that the prosecution history limited the meaning of the term "adjacent." This is a purely legal issue and can be resolved on summary judgment. *Cybor Corp. v. FAS Technologies, Inc.,* 138 F.3d 1448, 1460 (Fed.Cir. 1998).

For the foregoing reasons, the Court should grant Dako permission to file a motion for summary judgment of noninfringement under the doctrine of equivalents.

Very truly yours,

*/s/ Timothy Devlin*

Timothy Devlin

cc: Clerk of the Court
    Richard H. Morse (via email and hand delivery)
    Ron E. Shulman, Esq. (via email and Federal Express)
    Roger J. Chin, Esq. (via email and Federal Express)