# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**FILED UNDER SEAL**

February 16, 2006

**REDACTED**

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

Facsimile
302 652-0607

Web Site
www.fr.com

Re:   Ventana Medical Systems, Inc. v. DakoCytomation California Inc.
      C.A. No. 04-1522-GMS

Dear Judge Sleet:



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Defendant DakoCytomation California Inc. ("Dako") hereby submits its answering letter brief in response to Plaintiff Ventana Medical Systems, Inc.'s ("Ventana") February 9, 2006 letter requesting permission to file a motion for partial summary judgment concerning certain issues related to infringement.

Ventana has requested partial summary judgment on two issues: whether the Artisan® staining system ("the Artisan®") has a "plurality of reagent container supports," and whether the Artisan® has a "nozzle." With respect to the second issue, for purposes of trial under the Court's claim construction Order (D.I. 56), Dako withdraws its defense that the Artisan® lacks a nozzle, rendering Ventana's request moot.

With respect to the first issue, Ventana's proposed motion for partial summary judgment is futile because (1) Ventana's argument rests on a new, untimely claim construction position that should be rejected and (2) because there is a genuine issue of material fact concerning which structure in the Artisan® provides the claimed support for its reagent containers.

In footnote 1 of Ventana's letter brief, Ventana makes a brand new claim construction argument. Ventana's prior view, as expressed in the parties' joint claim construction statement (D.I. No. 40), was that the phrase "plurality of reagent container supports" was plain on its face and required no construction. Dako agreed, and simply pointed out during discovery that the Artisan® has a single support ring and therefore does not infringe any asserted claim.

According to the plain language of this claim, which was not contested, a single ring cannot be a plurality of supports. Ventana now tries to argue that the because of something in the patent's specification – and not the claim itself – the claim should be read broader than its plain meaning. Under this new theory, "a plurality. . .of supports" can include a single support. Ventana should not be allowed to change its view of claim construction at this late date.

FISH & RICHARDSON P.C.

The Honorable Gregory M. Sleet
February 16, 2006
Page 2

Regardless of whether the meaning of this limitation is revisited, summary judgment is not appropriate because there is a genuine factual dispute about what features of the Artisan® provide support. Dako maintains that reagent containers in the Artisan® are supported by a single ring platform positioned beneath the reagent containers (see below illustration of the ring platform of the Artisan® with one reagent container).

REDACTED

In apparent disagreement, Ventana contends that the individual slots on a vertical cylindrical structure positioned on top of the ring support structure are the reagent container supports (see arrows below).

REDACTED

These slots help align reagent containers during loading, but do not support them. This is the type of fact dispute that precludes summary judgment. Accordingly, Ventana's request should be denied.

FISH & RICHARDSON P.C.

The Honorable Gregory M. Sleet
February 16, 2006
Page 3

Very truly yours,

Timothy Devlin

cc:   Clerk of the Court
      Richard H. Morse (via email and hand delivery)
      Ron E. Shulman, Esq. (via email and Federal Express)
      Roger J. Chin, Esq. (via email and Federal Express)

Case 1:04-cv-01522-GMS    Document 81    Filed 02/24/2006    Page 3 of 3

FISH & RICHARDSON P.C.

The Honorable Gregory M. Sleet
February 16, 2006
Page 3