**REDACTED VERSION**

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801
P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE  19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6651
DIRECT FAX: 302-576-3319
rmorse@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

**FILED UNDER SEAL**

February 23, 2006

**BY HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    Ventana Medical Systems, Inc. v. DakoCytomation Corp.
              C. A.. No. 04-1522-GMS

Dear Judge Sleet:

      Pursuant to the Court's scheduling order of March 31, 2005, I write in further support of plaintiff Ventana Medical Systems, Inc.'s request for permission to file a motion for partial summary judgment regarding the subject matter of infringement. This reply letter brief responds to three issues raised in defendant DakoCytomation California, Inc.'s ("Dako's") answering letter dated February 16, 2006.

      First, Dako stated that it is withdrawing its defense that the Artisan device lacks a nozzle. *See* Dako 2/16/2006 Ltr. at 1. This statement, together with Dako's silence regarding other claim elements, confirms that there is no dispute that the Artisan meets the preamble and elements (b), (c) and (d) of independent claims 1 and 45, as well as the additional elements of dependent claims 2 and 3. Accordingly, at the very least, partial summary judgment of infringement with respect to these claim elements is appropriate and should be entered.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Gregory M. Sleet
February 23, 2006
Page 2

      Second, Dako asserts that Ventana is raising an untimely claim construction argument regarding the phrase "plurality of reagent container supports." *See* Dako 2/16/2006 Ltr. at 1. Ventana is doing nothing of the kind. No dispute exists regarding the proper construction of this phrase. Both sides agree that "plurality" means "more than one," and "reagent container support" means the structure that supports a reagent container.

      Third, Dako argues that in the accused Artisan machine, a single ring platform ("the Ring Platform") supports all 50 of the reagent containers, and therefore, the Artisan does not have a "plurality of reagent container supports." Dako's argument misses the mark. The claim element at issue reads in its entirety as follows: "a reagent carousel having a plurality of reagent container supports thereon." The claims of the '901 patent clearly call for a single structure, namely "a reagent carousel," which has or includes a plurality of structures "thereon" that support the reagent containers, namely the "reagent container supports." The Artisan plainly meets this requirement.

      More specifically, in the Artisan, the Ring Platform is the claimed "reagent carousel." The Ring Platform rotates to move the reagent containers to their required positions. However, as Ventana will demonstrate if permitted to file its motion, the Ring Platform is not the structure that corresponds to the claimed "supports." Rather, as explained in Ventana's opening letter of February 9, the "supports" in the Artisan which prevent each of the reagent containers from falling off of the rotating Ring Platform are what Dako refers to in its February 16 letter as

*Id.* at 2
(emphasis added). These slots are highlighted by arrows in the second figure in Dako's February 16 letter. *See id.* It is undisputed that this "vertical cylindrical structure" containing the 50 slots—one for each reagent container—is a **separate** structure that Dako **attaches** to the Ring Platform by screws or rivets. When the Artisan is used, a plastic protrusion on the rear surface of each of the 50 reagent containers is slid behind a separate one of each of the 50 slots, thus preventing each container from falling off of the Ring Platform. The plastic protrusion is visible in this photograph of a reagent container:



YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Gregory M. Sleet
February 23, 2006
Page 3

Absent the 50 slots—or "supports"—each associated reagent container would fall off of the rotating Ring Platform during operation.

Dako purports to dispute these simple facts by claiming that the slots merely                                              *Id.* This is unsound. A simple demonstration of the Artisan to the Court will plainly reveal that there is no dispute, much less a genuine one, about the fact that absent the slot "supports," the reagent containers will fall off of the Artisan. Even taking the facts in the light most favorable to Dako, Ventana will be able to show in its motion for partial summary judgment that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

For the foregoing reasons, Ventana respectfully submits that the Court should grant its request to file its motion for partial summary judgment.

Respectfully yours,

Richard H. Morse (No. 531)

RHM:mmeeh

cc:   Clerk of the Court (By E-filing and Hand Delivery)
      Timothy Devlin, Esquire (By E-filing and Hand Delivery)
      Michael E. Zeliger, Esquire (By E-mail and Federal Express)

REDACTED VERSION:

cc:   Clerk of the Court (By E-filing)
      James M. Lennon, Esquire (By E-filing)
      Francis DiGiovanni, Esquire (By E-filing)
      Michael E. Zeliger, Esquire (By E-mail)