UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAKOCYTOMATION CALIFORNIA INC., <br><br> Defendant. | CIVIL ACTION NO. 04-1522 (GMS) |

## JOINT STATUS REPORT

Pursuant to the Court's direction of April 27, 2006, the parties hereby submit this Joint Status Report. The parties respectfully request that a teleconference be scheduled to discuss scheduling issues, as described by the parties below. Based on a conversation with chambers earlier today, the parties understand that previously-set deadlines are no longer on the calendar.

<u>Ventana's Position</u>:   As the Court is aware, the parties have been engaged in extensive settlement negotiations, with the assistance of Magistrate Judge Thynge, since late March 2006. Several drafts containing the terms of a potential settlement have been exchanged. The parties believed in good faith that a settlement would be reached, but only yesterday, on May 10th, recognized that a settlement agreement could not be finalized at this time.

Although drafts were exchanged by the parties, it was always understood that entry into a definitive settlement agreement would require management approval.

1

Management was consulted during the Settlement Conference and at various points during the course of subsequent negotiations. From May 5th, in the days leading up to the most recent version of the draft agreement, Ventana's negotiators advised Dako that management was unavailable due to travel commitments. Ventana's negotiators worked with Dako to craft what it believed was a promising draft that could be submitted for management approval, but Ventana also advised Dako by May 8th that it was "still waiting on getting final authorization" for that particular draft. Unfortunately, the terms of the May 8th draft were not acceptable. Ventana is willing to continue further negotiations with Dako, and believes that it still may be possible to utilize the current draft as a framework for a potential settlement.

In view of the parties' belief that settlement was likely, several matters have been deferred, including: (1) defendant's reply brief in support of summary judgment, subject to assent by all parties for defendant to file its reply brief out of time; (2) the exchange of a draft pretrial order, subject to agreement by all parties to make such exchange in a manner to timely meet the deadlines for submissions to the Court; and (3) the depositions of expert witnesses that were previously noticed by the parties, subject to agreement by all parties to schedule such depositions at a mutually agreed time prior to trial. Due to these scheduling issues, the parties jointly request that the Court set a new trial date and reset the corresponding deadlines leading up to trial.

Dako's Position:    Until yesterday, Dako understood that this case was settled and that the parties would be advising the Court of a settlement today. However, Ventana has inexplicably reneged on the deal.

The parties not only began discussing settlement in March, but actually reached agreement on all of the principal terms before the end of March. Since that time, they have been discussing only ministerial issues, such as language for a press release. Within the last past two weeks, they resolved the last of these issues, or at least Dako thought so. In fact, Dako has been holding for some time its executed copy of the settlement agreement. Dako was waiting for Ventana to execute the agreement (which Ventana's counsel predicted would happen by Tuesday or Wednesday of this week) so that the parties could submit their joint stipulation of dismissal (which was already drafted – by Ventana) by May 11th. Then yesterday afternoon, without warning, and without explanation Ventana's counsel announced that there would be no settlement at this time. Ventana would not offer any reason for this announcement or any indication whether the deal the parties negotiated would ultimately be acceptable. Ventana said only that certain senior managers had expressed concerns. None of these managers or their concerns ever surfaced during the ongoing negotiations or the Court Ordered mediation, which required the participants to have full settlement authority. (Docket Entry No. 34). This morning, Dako consulted Judge Thygne for assistance in determining the status of settlement. Judge Thygne reported to counsel for Dako that Ventana is in fact unwilling to settle pursuant to the agreed upon terms and that Ventana now proposes major substantive changes to the agreement.

Based on the imminent settlement, the parties agreed to defer certain dates. Dako would never have done that without the Court's permission unless it was convinced that a settlement was imminent. Indeed, the first date that was deferred was Ventana's deadline

to provide Dako with its draft of the pretrial order. Ventana's willingness to forego this deadline further led Dako to believe that the negotiated settlement was all but signed.

Notwithstanding these events, Dako remains willing to settle this case consistent with the principal terms already deemed acceptable by the parties. Dako also remains willing to litigate this case, through summary judgment, or if necessary through trial. However, Dako has no intention of investing resources in both negotiating settlement under these circumstances *and* litigating this case. Thus Dako requests that the Court order Ventana to provide Dako with its settlement position including an explanation for any substantive changes from the negotiated deal in advance of the telephone conference requested above.

Dako otherwise joins Ventana in the relief requested above.

Respectfully submitted,

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | CONNOLLY BOVE LODGE & HUTZ LLP |
| /s/ Richard H. Morse | /s/ F. DiGiovanni by R. H. Morse |
| Richard H. Morse (No. 531) | Francis DiGiovanni (No. 3189) |
| The Brandywine Building, 17th Floor | 1007 North Orange Street, 8th Floor |
| 1000 West Street | P.O. Box 2207 |
| P.O. Box 391 | Wilmington, Delaware 19899 |
| Wilmington, Delaware 19899 | (302) 658-9141 |
| (302) 571-6651 | Attorney for Defendant |
| Attorneys for Plaintiff | fdigiovanni@cblh.com |
| rmorse@ycst.com | |

4